United States Bankruptcy Court
Eastern District of Pennsylvania

In re:　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 18-14565-jkf
Karen L. Lett　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2　　　　User: Randi　　　　　　　Page 1 of 1　　　　　　　Date Rcvd: Dec 20, 2018
　　　　　　　　　　　　　　Form ID: pdf900　　　　Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 22, 2018.
db　　　　　　Karen L. Lett,　　3 Tollgate Court,　　Sicklerville, NJ　08081-5669

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

　　　　***** BYPASSED RECIPIENTS *****
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 22, 2018　　　　　　　　　　　　　　　　　　Signature:　/s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 20, 2018 at the address(es) listed below:
　　　　　REBECCA ANN SOLARZ　　on behalf of Creditor　　Carisbrook Asset Holding Trust
　　　　　　bkgroup@kmllawgroup.com
　　　　　RONALD G. MCNEIL　　on behalf of Debtor Karen L. Lett r.mcneil1@verizon.net
　　　　　United States Trustee　　USTPRegion03.PH.ECF@usdoj.gov
　　　　　WILLIAM  MILLER*R　　ecfmail@FredReigleCh13.com,　ECF_FRPA@Trustee13.com
　　　　　WILLIAM  MILLER*R　　on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com,
　　　　　　ECF_FRPA@Trustee13.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Karen L. Lett <u>Debtor</u> | CHAPTER 13 |
| Carisbrook Asset Holding Trust <u>Movant</u> vs. | NO. 18-14565 JKF |
| Karen L. Lett <u>Debtor</u> | |
| William Miller*R <u>Trustee</u> | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,554.08,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2018 to November 2018 at $880.77/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$4,554.08** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$4,554.08.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$4,554.08** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due December 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $880.77 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 15, 2018                By: /s/ Rebecca A. Solarz, Esquire
                                         Rebecca A. Solarz, Esquire

Date:   December 17, 2018                /s/ Ronald G. McNeil, Esquire
                                         Ronald G. McNeil, Esquire
                                         Attorney for Debtor

Date:   December 17, 2018                /s/ Polly A. Langdon, Esquire for
                                         William C. Miller, Esquire
                                         Chapter 13 Trustee

Approved by the Court this  19th  day of  December , 2018. However, the court retains discretion regarding entry of any further order.

                                         _____
                                         Bankruptcy Judge
                                         Jean K. FitzSimon